[No. 2,042.]

## BENJAMIN BRUNDAGE v. SAMUEL ADAMS AND JAMES DEVLIN.

SERVICE OF STATEMENT.—A statement on motion for a new trial need not be served unless there is a rule of Court requiring service. The statute only requires such statement to be filed.

WAIVER OF NOTICE OF MOTION FOR NEW TRIAL.—Proposing amendments to a statement on motion for a new trial is a waiver of a failure to serve a notice of the motion, unless the party proposing the amendments makes the objection, or reserves his right to make it when he proposes his amendments.

ASSESSMENTS ON MINING INTERESTS.—The statute of 1865-6 in relation to levying assessments against the owners of interests in mining claims for the purposes of working the same, applies only to copartners in the claim, and has no reference to those who are mere owners and shareholders, without the partnership relation.

IDEM.—To warrant such assessment, if the partnership relation does not exist, the joint owner must be notified that thenceforward he will be deemed a copartner for the purpose of working the claim, and the service of the notice changes the relation of the parties, and creates a mining partnership.

CONSTITUTIONAL LAW.—Constitutionality of the Act of April 2d, 1866, providing for assessments on interests in mining claims, not discussed or decided.

APPEAL from the District Court of the Sixteenth Judicial District, Kern County.

The Court below rendered judgment in favor of the plaintiff. The defendants appealed from the judgment and from an order denying a new trial.

The other facts are stated in the opinion.

*Whiting & Naphtaly*, for Appellant.

No evidence, aside from the deeds, is offered to show that defendants were either "the owners or occupants of a mining claim;" that they ever "associated themselves together" for any purpose; or that any single act was done by which they could be brought within the power of the law.

We insist that effect is to be given to the word "such," and that before the deed becomes evidence of the facts recited in it, it must, at least, be shown that the parties whom it is sought to divest of their property, by means of it, are of the class of persons toward whom the Act is directed; that they are either owners or occupants of a mining claim, and that they have associated themselves for the purpose of working or prospecting a mining claim. It is only after these and many other preliminary facts are shown to exist that any proceedings whatever are authorized.

But even admitting that these deeds are competent evidence of the facts therein recited, they do not recite sufficient to bring the respondent within the Act of 1866. Section one of that Act premises that it is applicable only "whenever two or more persons being owners, occupants, or locators of any mining claim, or where any two or three persons shall have associated themselves together * * * for the purpose of working or prospecting any mining claim,

or any of the public lands of the United States, shall, after being notified in writing by said mining company, that they have been associated in said mining claim, be deemed to be copartners for the purpose of prospecting or working said mining claim, and shall be subject to the provisions and liabilities imposed by this Act.

*Quint & Hardy*, for Respondent.

The same rules of law which apply to sales for unpaid taxes are applicable to this case. Prima facie the deed is evidence that all the proceedings were regular, and in accordance with law. The burden of showing irregularity is thrown upon the defendants. (*O' Grady* v. *Bartisel*, 23 Cal. 287; *Moss* v. *Shear*, 25 Cal. 38; *Wetherbee* v. *Dunn*, 32 Cal. 106.) In this case no attack is made, nor attempt to prove any irregularity in the proceedings. As a general rule, Courts will take notice of whatever ought to be generally known within the limits of their jurisdiction. They take notice who fill the various county offices within their jurisdiction. (*Wetherbee* v. *Dunn*, 32 Cal. 106.) If the defendants were not notified as the law required—if the instruments evidencing the plaintiffs' title were not genuine, how easy for them to have shown the fact. The question of notice was a matter within their own knowledge.

By the Court, WALLACE, J.:

The Court below should not have denied the motion of the defendants for a new trial because they had not served their statement in support of the motion. They had filed it within the time provided in the stipulation of June twenty-third. Neither the stipulation, nor the statute, nor any rule of the Court below which has been called to our attention, required them to serve it. (Sec. 195.)

The point is now, however, made in argument here, that

the motion for new trial was correctly denied, because the defendants, though they filed, did not serve their notice of intention to move for a new trial. But the answer is, that the plaintiff did not make this objection, nor reserve his right to make it, when he proposed his amendments to the statement. Had he done so the fact of service might possibly have been shown, or a waiver of it in some way made to appear.

The action is brought to quiet the alleged title of the plaintiff to certain mining ground, being an undivided interest in the Delphi mining claim, in Kern County. The answer denies the plaintiff's title. On the trial the plaintiff undertook to show that he had acquired the interest and estate formerly owned by the defendants in the mine. For this purpose he offered and read in evidence, against the objections of the defendants, a conveyance made by Ross, the Sheriff of Kern County, running to the plaintiff as grantee, and purporting to convey to the latter the estate of the defendant Adams in the premises.

This conveyance in substance recites that in the Clear Creek Mining District, in Kern County, an assessment was levied against the owners and shareholders of the Delphi claim, for the purpose of defraying the expenses of prospecting and working it; that Adams, owner of an undivided interest, neglected and refused to pay, after notice given; that thereupon his interest in the claim was advertised for ten days, and was sold by the Sheriff to the plaintiff, pursuant to the provision of "An Act concerning partnerships for mining purposes," etc. The plaintiff also read in evidence, against the objections of the defendants, a conveyance to himself, made by the Sheriff, and purporting to convey to the plaintiff the interest of Devlin, the other defendant, in the mining claim, and reciting, *mutatis mutandis*, the same matter recited in the Adams deed, already mentioned.

The objections taken by the defendants to the introduc-

tion of these deeds were numerous, and among the rest was the objection that there was no authority of law shown in the Sheriff to convey the property of the defendants to the plaintiff, and that the conveyances do not sufficiently set forth a compliance with the requirements of the Act of the Legislature to which they refer. The argument upon either side has proceeded here upon the assumed constitutionality of the statute itself, through the provisions of which the plaintiff claims to have acquired the title of the defendants; and we shall, therefore, determine the case without reference to that question.

It will be seen that the statute (1865-6, p. 828), in the first section, distinctly designates the persons who "shall be subject to the provisions and liabilities imposed by the Act." Such persons must be copartners—"copartners for the purpose of prospecting or working said mining claim," in the language of the statute. It is not enough that they are "owners and shareholders," as these deeds recite that Adams and Devlin were, or that they are associated together for the purpose of working or prospecting a mining claim on the public lands. So long as these and no other relations exist between the parties their interest in the mining claim is not subject to be divested by such proceedings as those here relied upon. Notice must first be given to such occupant, locator, or person associated, that he will be thenceforward deemed and held to be a copartner "for the purpose of prospecting or working said mining claim." Such a notice given to those who are owners, or shareholders, or locators, or occupants, etc., by one who is jointly concerned with them in the enterprise, would have the effect, under the provisions of the statute, to change the relations of the parties *inter sese,* and create a mining copartnership between them; and only after that had been effected, a notice or notices looking to the levying of an assessment, etc., under section two of the Act, etc., may be

served, and other proceedings taken, according to the further provisions of the statute. There is no authority whatever to proceed as here attempted under the statute, unless the mining copartnership be first created between the parties; and there being no evidence tending to show that fact, the Court below should have excluded the conveyance offered by the plaintiff.

Judgment and order denying new trial reversed, and cause remanded.

CROCKETT, J., being disqualified, took no part in this decision.